UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MISSISSIPPI LOUISIANA DIRT                                         CIVIL ACTION
COMPANY, L.L.C.
                                                                   No. 09-7479
VERSUS
                                                                   SECTION I
B&S EQUIPMENT COMPANY, INC.

## ORDER AND REASONS

Plaintiff, Mississippi Louisiana Dirt Company, L.L.C. ("MLDC"), has filed a motion to remand and a request for costs and attorneys' fees.[1] Defendant, B&S Equipment Co., Inc. (B&S), has opposed the motion to remand.[2] For the following reasons, the motion to remand[3] is **GRANTED** and the request for costs and attorneys' fees is **DENIED.**

### *BACKGROUND*

On September 9, 2008, B&S filed a complaint in the United States District Court for the Eastern District of Louisiana against the TT-15001 *in rem* and against MLDC *in personam* ("the

---

[1]R. Doc. No. 10.

[2]R. Doc. No. 15.

[3]R. Doc. No. 10.

1

2008 litigation").[4,5] In the course of the 2008 litigation, the TT-15001 barge was arrested.[6] The parties subsequently arrived at a settlement agreement and upon joint motion by the parties, this Court dismissed B&S's claims against MLDC on April 23, 2009.[7]

MLDC filed the above captioned lawsuit against B&S in the 24th Judicial District Court on September 8, 2009.[8] MDLC premised its jurisdiction in state court on La. Code Civ. Pro. art. 2 or, "to the extent this lawsuit sounds in admiralty," on the "saving to suitors" clause of 28 U.S.C. § 1333.[9]

In its petition, MLDC claims that B&S caused the TT-15001 barge, which was owned and operated by MLDC, to be wrongfully arrested or seized through federal court litigation.[10] According to MLDC, the TT-15001 barge was wrongfully arrested in the 2008 litigation because, contrary to the allegations in B&S' verified complaint in the 2008 litigation, the

---

[4] *B&S Equipment Co., Inc. v. Barge TT-15001, Her Tackle, Furniture, Appurtenances, Etc., In Rem; and Mississippi Louisiana Dirt Company, LLC, In Personam,* Civ. Act. No. 08-4344 (E.D. La. Apr. 23, 2009).

[5] *Id.* at p. 3. B&S's *in personam* action against MLDC sought damages for breach of contract and trespass. *Id.*

[6] *See* R. Doc. No. 1, p. 2; R. Doc. No. 1-1, p. 3.

[7] *B&S Equipment Co., Inc. v. Barge TT-15001, Her Tackle, Furniture, Appurtenances, Etc., In Rem; and Mississippi Louisiana Dirt Company, LLC, In Personam,* Civ. Act. No. 08-4344 (E.D. La. dismissed Apr. 23, 2009). The Court's order states: "IT IS ORDERED, ADJUDGED AND DECREED that any and all claims against defendants, Barge TT-15001 and Mississippi Louisiana Dirt Company, LLC, be dismissed with prejudice, as of compromise, each party being responsible for its respective costs of Court." *Id.*

[8] R. Doc. No. 1-1.

[9] *Id.* at p. 1.

[10] *Id.* at p. 4.

services and equipment provided by B&S to MLDC did not give rise to a maritime lien for necessaries against the TT-15001 under general maritime law or the Federal Maritime Lien Act, 46 U.S.C. § 31341, *et seq*.[11] MLDC alleges that MLDC did not prevent B&S from "obtaining the return of its property" and that MLDC's actions did not constitute trespass.[12]

B&S removed this case to federal court on November 30, 2009. Although B&S did not specifically state a ground for federal subject matter jurisdiction, the petition suggests that federal jurisdiction is premised on this case's relationship to the 2008 litigation. In its petition for removal, B&S describes the 2008 litigation as follows:

> B&S caused the arrest of the Barge TT-15001 pursuant to its right under general maritime law and the Federal Maritime Lien Act, 56 U.S.C. § 31341, et seq. It is well settled that maritime law controls the substantive law of marine seizures. . . Article III, §, cl. 3 of the United States Constitution extends the judicial power of the federal sovereign to all cases of admiralty and maritime jurisdiction.[13]

B&S states that the 2008 litigation is a "collateral proceeding to the instant lawsuit because both lawsuits arise out of the same transaction or occurrence, i.e. the seizure of Barge TT-15001."[14]

MLDC argues that the above captioned case should be remanded because B&S did not articulate a legitimate basis for federal subject matter jurisdiction in its petition for removal and that no such basis exists. B&S argues that the motion to remand should be denied because MLDC's claims are related to B&S' original *in rem* action and should have been asserted as a compulsory counterclaim in the 2008 litigation or, alternatively, it should be denied because the

---

[11]R. Doc. No. 1-1, p. 4

[12]*Id*.

[13]R. Doc. No. 1, p. 3.

[14]*Id.*

3

Court may exercise supplemental jurisdiction over MLDC's claims. B&S does not dispute that diversity jurisdiction is not present.[15]

*LAW AND ANALYSIS*

**I. Removal and Remand**

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). The Court must assume that a lawsuit lies outside this limited jurisdiction until jurisdiction is established. *Id.* In order to remove an action from a state court, a defendant must file a notice of removal in a United States District Court "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

"Because removal raises significant federalism concerns, the removal statute is strictly construed." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Further, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.* When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of establishing jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").

**II. Federal Question Jurisdiction**

A determination as to whether a cause of action presents a federal question and is subject to removal depends upon the allegations made on the face of the plaintiff's well-pleaded complaint. *Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). A

---

[15]*See* R. Doc. No. 15.

federal defense to a state law claim does not create removal jurisdiction. *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1161 (5th Cir. 1989), cert. denied, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990). "A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is 'an element, and an essential one, of the plaintiff's cause of action.'" *Carpenter*, *44 F.3d at 366* (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 81 L.Ed. 70 (1936)).

     *i. Saving to Suitors Clause*

MLDC asserts its wrongful arrest claim against B&S pursuant to state law or, to the extent that a claim for wrongful arrest "sounds in admiralty," against B&S *in personam* pursuant to the "saving to suitors" clause of 28 U.S.C. § 1333.[16] Although MLDC argues that federal courts have not clearly resolved the issue of whether a claim for wrongful arrest of a vessel arises under general maritime law or under state tort law principles,[17] the Fifth Circuit has held that "[m]aritime law controls the substantive law of maritime seizures . . ." *Marastro Compania Naviero v. Canadien Maritime Carriers, Ltd.*, 959 F.2d 49, 53 (5th Cir. 1992); *see also Pace Shipping Servs. Network SA v. M/V Ocean D, 2007 WL 1733538* at * 4 (E.D. La. Mar. 31, 2003); *El Paso Prod. Gom, Inc.v. Smith*, 2009 WL 2990494 at *3 (E.D. La. Apr. 30, 2009) For purposes of this motion, the Court will assume that MLDC's claim was properly asserted pursuant to 28 U.S.C. § 1333.

Section 1333 provides in pertinent part that, "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime

---

[16]*Id.* at p. 1.

[17]See. R. Doc. No. 10-1, pp. 8-9.

jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

A plaintiff may choose to seek enforcement of an admiralty claim by filing an *in personam* lawsuit in state court against an *in personam* defendant.[18] An *in personam* lawsuit filed in state court pursuant to the saving to suitors clause of 28 U.S.C. § 1333 is not removable solely because it might have been filed in federal court. "Rather, removal of an admiralty action filed in state court is possible only if jurisdiction is based on other grounds, such as diversity or a statutory provision." *Rivas v. Energy Partners of Delaware*, 2000 WL 127290 *3 (E.D. La. 2000) (Duval, J.) (citing *Tennessee Gas Pipeline v. Houston Casualty Co.*, Inc., 87 F.3d 150, 153 (5th Cir. 1996)); *Morris v. T.E. Marine Corporation*, 2000 WL 1099654 at *1 (E.D. La. 2000) (Feldman, J.). Therefore, B&S may not premise federal jurisdiction on the saving to suitors clause.[19]

  *ii. In Rem Action*

B&S argues that this Court has jurisdiction over the above-captioned case because "the claims asserted herein clearly arise out of and are collateral to the [2008 litigation] which was

---

[18]*See Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1484 (5th Cir. 1992). In *Linton*, the court explained that admiralty claimants may file either *in personam* or *in rem* claims, which may be simply described as:
>   1) *in personam*, in which the defendant is a "person" (including corporations) and in which collection of a judgment involves tracing assets, garnishing them, etc. with all the attendant difficulties of collection; 2) *in rem*, in which a "vessel" (or other property) is the defendant and in which a judgment becomes a lien on the vessel (or other property) and may be enforced and collected by sale of the vessel (or other property), a sale which conveys title "good against the world." GILMORE & BLACK, § 1-12.

964 F.2d at 1484 n. 6.

[19]B&S does not dispute that it could not remove this case to federal court based on the saving to suitors clause alone. *See* R. Doc. No. 15.

6

asserted *in rem* against the barge."[20] B&S argues that state courts do not have jurisdiction over *in rem* actions brought pursuant to admiralty law.[21]

While it is true that state courts lack jurisdiction over *in rem* proceedings which arise out of maritime liens because "the saving to suitors clause does not reach actions *in rem*,"[22] the lawsuit filed by plaintiff in state court is not an *in rem* action. It is an *in personam* lawsuit. In plaintiff's state court petition, plaintiff does not name a vessel as a defendant, state that it was seeking to foreclose on a preferred maritime lien, or seek the arrest and interlocutory sale of a vessel. Plaintiff filed an ordinary lawsuit for wrongful arrest against the B&S. Removal to federal court is not appropriate absent an independent basis for federal subject matter jurisdiction.

*iii. Compulsory Counterclaim in 2008 Litigation*

B&S also argues that the above captioned claim should have been asserted as a compulsory counterclaim in the 2008 litigation.[23] B&S opines that "the claims asserted herein by

---

[20]R. Doc. No. 15, p. 3.

[21]*Id.* at pp. 3-4.

[22]*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 452, 121 S.Ct. 993, 1003, 148 L.Ed.2d 931 (2001).

[23]Pursuant to Rule 13 of the Federal Rules of Civil Procedure, counterclaims are either compulsory or permissive. Rule 13 states in pertinent part:
>(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader had against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
>(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

7

[MLDC] arise out of the same common nucleus of operative facts as the seizure. As such, the claims are so related they should have been asserted as a compulsory counter-claim in the [2008 litigation]."[24]

Where a federal court has jurisdiction over the original action, it also has supplemental jurisdiction over compulsory counterclaims asserted in that action. As the Fifth Circuit explained in *Zurn Indus., Inc. v. Acton Constr. Co., Inc.*:

> Once subject matter jurisdiction is proper, the court may have ancillary jurisdiction over the additional claims and parties it may not have had otherwise. Whether the court has ancillary jurisdiction over the claim or the party depends on the type of claim or party. If the claim is a compulsory counterclaim, Fed. R. Civ. P. 13(a) . . . the court has ancillary jurisdiction over the claim or party even in the absence of an independent basis for federal jurisdiction.

847 F.2d 234, 236-37 (5th Cir. 1988).

Regardless of whether MLDC was required to assert its claim as a compulsory counterclaim in the 2008 litigation, the 2008 litigation cannot serve as a basis for supplemental jurisdiction because that case has already been dismissed. Moreover, to the extent that B&S is asserting Rule 13(a) of the Federal Rules of Civil Procedure as a basis for this Court's jurisdiction, this is not permissible because B&S may not remove a case on the basis of an anticipated or inevitable federal defense.

### B. Ancillary Jurisdiction

Alternatively, B&S argues that this Court has jurisdiction pursuant to its ancillary jurisdiction over MLDC's claims. In support of this argument, B&S cites case law involving

---

Fed.R.Civ.P. 13(a), (b).

[24]R. Doc. No. 15, p. 4.

injunctions to stay state court proceedings pursuant to the "relitigation exception" to the Anti-Injunction Act.[25] The Court finds this precedent entirely unconvincing.

"The Anti-Injunction Act generally bars federal courts from granting injunctions to stay proceedings in state courts." *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 407 (5th Cir. 2008). The act recognizes three exceptions under which a federal court may enjoin state court proceedings in limited circumstances: "A Court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. As the Fifth Circuit explained in *Blanchard*:

> The last of the three exceptions listed in the statute, termed the "relitigation exception," permits an injunction where necessary to "prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). The exception is "founded in the well-recognized concepts of res judicata and collateral estoppel," but is "strict and narrow," requiring that "the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Id.* The exception permits, but does not mandate, that federal courts enjoin duplicative state court proceedings. *Id.*

553 F.3d at 407.

The relitigation exception of the Anti-Injunction action does not provide a basis for federal subject matter jurisdiction in this case. First, B&S is not seeking to enjoin the state court proceedings initiated by MLDC. Second, MLDC's claims were not previously presented to and decided by this court. MLDC did not file a counterclaim in the 2008 litigation and this Court

---

[25]*See id.* at p. 6.

dismissed B&S' claims against MLDC only.[26] Accordingly, the relitigation exception to the Anti-Injunction Act is not relevant to the issue pending before this Court.

**II. Attorney's Fees**

Kindred requests that the Court award costs and attorney's fees pursuant to 28 USC § 1447(c).[27] An award of attorney's fees is discretionary and the Court does not consider the defendant's motive in removing the case. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The central consideration is whether the defendant had objectively reasonable grounds to believe that removal was legally proper. *Id.* at 293.

> The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case. We evaluate the objective merits of removal at the time of removal irrespective of the fact that it might ultimately be determined that removal was improper.

*Id*. The Court declines to grant MLDC's request for costs and attorney's fees. Although B&S's argument with respect to the existence of federal subject matter jurisdiction herein is rejected, the Court exercises its discretion to deny such an award.

## *CONCLUSION*

---

[26]*See B&S Equipment Co., Inc. v. Barge TT-15001, Her Tackle, Furniture, Appurtenances, Etc., In Rem; and Mississippi Louisiana Dirt Company, LLC, In Personam,* Civ. Act. No. 08-4344 (E.D. La. Apr. 23, 2009).

[27] 28 USC § 1447(c) states, in pertinent part:
If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

**IT IS ORDERED** that the plaintiff's motion to remand is **GRANTED** and the case is remanded to the 24th Judicial District for the State of Louisiana because of a lack of subject matter jurisdiction. **IT IS FURTHER ORDERED** that MLDC's request for costs and attorneys' fees is **DENIED.**

New Orleans, Louisiana, April 22, 2010

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**